UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re John E. Kubin, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case no. 18-02853 |
| _____ | ) | |
| David Blazek, | ) | Honorable Deborah L. Thorne |
| | ) | |
| Plaintiff, | ) | Adv. case no. 22ap00030 |
| | ) | |
| v. | ) | |
| | ) | |
| John E. Kubin, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is Plaintiff's Motion for Summary Judgment. (*See* Pl.'s Mot. for Summ. J. ("Mot."), Adv. Dkt. No. 24.) Although the parties represented to the court that they agreed on all material facts, this is not the case. Because there are genuine disputes as to material facts for each claim, Plaintiff's motion is denied.

### I. Background

In 2006, Plaintiff David Blazek began making a series of small, short-term loans to Defendant John Kubin, and Defendant repaid Plaintiff on a monthly basis. (*See* Am. Compl. ¶ 9, Adv. Dkt. No. 17.) Two years into this arrangement, Defendant asked for more money, and Plaintiff started loaning him thousands of dollars at a time. (*Id.* ¶¶ 11–12.) This pattern—Defendant making monthly payments and incurring additional loans when needed—continued until November 2016. (Pl.'s Mem. of Law at 2, Adv. Dkt. No. 24.) Throughout this time, Defendant remained indebted to Plaintiff. (Statement of Undisputed Facts ¶ 4, Adv. Dkt. No. 28.)

Plaintiff's Motion for Summary Judgment concerns two of these loans: an $8,000 loan made on November 2, 2016, and a $3,000 loan extended on November 15, 2016.[1] (*Id.* ¶ 14; Aff. of David Blazek ¶ 5, Adv. Dkt. No 24, Ex. E.) Plaintiff alleges that he made these loans in reliance on Defendant's written and verbal statements that a loan shark was threatening to harm Defendant's son Johnny. (Pl.'s Mem. of Law at 11.) Moreover, Plaintiff claims that he extended additional credit only because Defendant represented that he was going to receive an inheritance which he would use to repay Plaintiff. (*Id*. at 13.) Plaintiff alleges—and, as discussed below, Defendant disputes—that these statements were false and made with the intent to deceive Plaintiff. Plaintiff requests that the debts incurred in connection with these statements be nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (B).

Plaintiff also moves for summary judgment on his 11 U.S.C. § 523(a)(3) claim, which relates to Defendant's failure to list Plaintiff in his bankruptcy case schedules. The parties agree (and the court can take judicial notice) that Defendant's Schedule E/F lists "Davide Blascak" of Crestwood, Illinois as an unsecured creditor with a claim of $0.00. (*See* Am. Schedule E/F, Bankr. Dkt. No. 13.) Because Plaintiff's name was misspelled and his complete address was omitted, he did not receive notice of Defendant's chapter 7 case. (Statement of Undisputed Facts ¶ 9.) Plaintiff only learned of Defendant's bankruptcy case four years later, when he attempted to send Defendant a demand letter. (*Id.* ¶ 5.) The parties disagree as to whether Defendant's failure to properly schedule Plaintiff was intentional or inadvertent. (*See* Pl.'s Mem. of Law at 7; Def.'s Resp. at 4, Adv. Dkt. No. 28; Def.'s Interrogatory at 4, Adv. Dkt. No 24, Ex. A.)

---

[1] Plaintiff's complaint references a number of other loans and alleges that Defendant's total debt is for $19,335. (*See* Am. Compl. ¶¶ 9–19, 55.) But Plaintiff's Motion for Summary Judgment, Exhibits, and Statement of Undisputed Facts focus on the November 2016 loans, making only a passing statement about other "small [loans] of around $100, which eventually grew to amounts in the thousands of dollars." (Statement of Undisputed Facts ¶ 4.) Because Plaintiff's motion and exhibits do not discuss the other loans, the court does not know whether the facts surrounding those loans are disputed or whether they merit relief under §§ 523(a)(2)(A) or (B). For this reason, the court limits its analysis to the November 2016 loans totaling $11,000.

## II. Jurisdiction and Venue

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

## III. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 56(a)—made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056—provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are those that "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also id.* at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.") A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. When considering a motion for summary judgment, the court construes all facts and draws all reasonable inferences in favor of the nonmoving party. *Hess v. Bd. of Trustees of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016). The court can consider any evidence that would be admissible at trial. *Stinnett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002).

### B. Count I – 11 U.S.C. § 523(a)(3)

Section 523(a)(3) comes into play when a debtor fails to list or schedule a debt. One of two subsections applies, depending on whether the debt is "of a kind specified in" §§ 523(a)(2)(A),

3

(4), or (6). If the debt does fall under one of these exceptions, § 523(a)(3)(B) governs. If such debt is "neither listed nor scheduled . . . in time to permit" the creditor to timely file a proof of claim or request for determination of dischargeability, a chapter 7 discharge does not discharge that specific debt unless the creditor had "notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B). If the debt is not "of a kind specified in" the fraud exceptions to discharge, § 523(a)(3)(A) applies, and the debt can only be discharged if the debtor's failure to list the debt was inadvertent and the creditor was not harmed by the omission. *In re Jakubiak*, No. 15-21424-GMH, 2019 WL 1453067, at *4 (Bankr. E.D. Wis. Mar. 29, 2019).

Because, as explained below, there are material facts in dispute with respect to Plaintiffs' § 523(a)(2) claims, summary judgment is not appropriate for § 523(a)(3)(B). *See In re Jones*, 296 B.R. 447, 451–52 (Bankr. M.D. Tenn. 2003) (finding that, because material facts were in dispute for plaintiff's §§ 523(a)(2) and (6) claims, summary judgment was not appropriate under § 523(a)(3)(B)).

Plaintiff is also not entitled to summary judgment under § 523(a)(3)(A), as there are material facts in dispute here too. Plaintiff alleges that Defendant's failure to list the debt was "an intentional act purposely meant to deceive Plaintiff so that Plaintiff would not contest Defendant's Chapter 7 Bankruptcy." (Pl.'s Mem. of Law at 7.) The parties dispute how many times Defendant has visited Plaintiff's home, whether Defendant knew Plaintiff's address, and why Defendant omitted a different creditor from his previous chapter 7 case. Construing the facts and drawing all reasonable inferences in Defendant's favor, Plaintiff has not proven that Defendant's failure to schedule the debt was intentional. Because Plaintiff has not proven intent, the court does not need to discuss whether Plaintiff was harmed by the omission. Summary judgment must be denied on Plaintiff's § 523(a)(3) claim.

### C. Count II – 11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A) exempts from discharge debts obtained by "false pretenses, a false representation, or actual fraud." *In re Speisman*, 495 B.R. 398, 402 (Bankr. N.D. Ill. 2013). For a debt to be nondischargeable under § 523(a)(2)(A), a plaintiff must show by a preponderance of the evidence that: "(1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716–17 (7th Cir. 2010); *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

As to this count, Plaintiff alleges that Defendant knowingly made false representations that a loan shark would harm Defendant's son unless Plaintiff loaned him more money. (Pl.'s Mem. of Law at 11.) Plaintiff claims that these statements were made with the intent to deceive and that he justifiably relied on Defendant's misrepresentations about the loan shark when extending more credit. (*Id*. at 11–12.)

Defendant's version of events is different. The parties agree that Defendant made statements about a loan shark threatening his son. (*See* Statement of Undisputed Facts ¶¶ 13–14; Text Messages at 2–3, Adv. Dkt. No. 1.) But Defendant insists that the loan shark is real and that text messages from the loan shark prove his existence. (Def.'s Resp. at 5.) Because the existence of the loan shark is a material fact—it bears on whether Defendant's statement about the threat was false—and a genuine dispute as to this fact exists, Plaintiff has not met the burden to be granted summary judgment his § 523(a)(2)(A) claim.

### D. Count III – 11 U.S.C. § 523(a)(2)(B)

To prevail under § 523(a)(2)(B), Plaintiff must prove that Defendant "made a materially false written statement about his financial condition with the intent to deceive, and that [Plaintiff]

reasonably relied on the statement." *In re Cohen*, 507 F.3d 610, 613 (7th Cir. 2007). A statement respecting the debtor's financial condition is one that "do[es] more than just prompt speculation about the debtor's finances," and is "sufficient to determine financial responsibility." *In re Brzakala*, 305 B.R. 705, 709 (Bankr. N.D. Ill. 2004) (citation and quotation marks omitted). Section 523(a)(2)(B)'s reasonable reliance test is an objective one. *Cosman v. Busey Bank*, No. 3:20-CV-50298, 2021 WL 1906463, at *2 (N.D. Ill. May 12, 2021). "Although creditors are not generally required to conduct investigations into every potential agreement, they cannot blindly ignore evidence of deceit, that to a reasonably prudent creditor, would throw up a red flag." *Id.* (collecting cases).

Plaintiff's § 523(a)(2)(B) claim pertains to Defendant's statements regarding an inheritance. Specifically, Plaintiff points to the following statements from Defendant, all sent in one text message on November 15, 2016:

> I am extremely close to convincing my sister to settle on the money but it would still take 4-6 weeks minimum if she does it which im positive she will because I offered to pay the difference and gove [sic] her an additional ten grand.

> If he contacts her she will never agree to do what im [sic] asking her to do and im [sic] so close.

> Im [sic] so close to fixing this situation but have to get him done with and away from me, Johnny, contacting my ex, heather and my sister which then it will be all over. I am absolutely begging you from the bottom of my heart to help me one last time and then it will work out for everyone and I can pay you off completely and be done w this whole situation.

(Pl.'s Mem. of Law at 13; Text Messages at 8–13.) Plaintiff alleges that, through these statements, Defendant indicated that he would receive an inheritance in the near future and that he would use this money to repay his entire debt to Plaintiff. The parties agree that Defendant had already received his final inheritance check in June and that he used his inheritance money to gamble. (Statement of Undisputed Facts ¶ 20–24.) Plaintiff claims that Defendant's statements about his

inheritance were false, that Defendant made these false statements to induce Plaintiff to give him a loan, and that Plaintiff reasonably relied on the statements when extending Defendant credit.

Frankly, the court has had difficulty discerning which facts are in dispute for this claim. To begin, it is unclear whether Defendant agrees that the text messages even refer to an inheritance. Plaintiff's Statement of Undisputed Facts includes these messages and adds bracketed text to contextualize that the messages are about "the inheritance." But Defendant has indicated that the bracketed additions are in dispute. (*Id.* ¶¶ 12–14.) Even putting this confusion aside, the parties seem to be talking past each other on the elements of intent and reasonable reliance. Plaintiff's § 523(a)(2)(B) argument focuses only on Defendant's statements about his inheritance, not his statements about a loan shark. Defendant's reply, however, discusses the §523(a)(2)(B) elements with respect to the loan shark allegations, not the inheritance. (*See* Def.'s Resp. at 7–9.)

Regardless, construing all facts and drawing all reasonable inferences in favor of Defendant, Plaintiff is not entitled to summary judgment on his § 523(a)(2)(B) claim. Plaintiff has not shown, by a preponderance of the evidence, that Defendant's written statements were made with intent to deceive Plaintiff. A reasonable jury could also find that, if Plaintiff relied on these statements, his reliance was not objectively reasonable. The messages themselves do not definitively state that Defendant will receive an inheritance; rather, Defendant said that he was "close to convincing [his] sister to settle on the money." Additionally, at the time this statement was made, Defendant had been promising to pay back Plaintiff for nearly ten years without actually doing so. And—by Plaintiff's own admission—Defendant promised him inheritance money once before, in 2008, and Defendant failed to fulfill this promise. (*See* Am. Compl. ¶ 12–13.) These facts might have raised a "red flag" to the reasonably prudent lender. It is entirely possible that Plaintiff did not make the loan in reliance on Defendant's statement about an inheritance or that,

if Plaintiff did rely on this statement, such reliance was not reasonable. Therefore, the court cannot

grant summary judgment for Plaintiff on his § 523(a)(2)(B) claim.

### IV.  Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is denied. The

matter will be set for trial.

Dated: March 27, 2023

_____

Honorable Deborah L. Thorne
United States Bankruptcy Judge

8